

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LA JOLLA FRIENDS OF THE SEALS, a nonprofit organization and JAMES H.N. HUDNALL, Jr., an individual, | No. 11-56617 |
| Plaintiffs - Appellants, | D.C. No. 3:08-cv-01847-WQH-POR |
| v. | MEMORANDUM[*] |
| CITY OF SAN DIEGO, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 25, 2012[**]

Before: CUDAHY, WARDLAW, and W. FLETCHER, Circuit Judges.[***]

La Jolla Friends of the Seals ("Friends") appeals the denial of its request for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

attorney's fees from the City of San Diego ("the City"). The district court retained "equitable jurisdiction" over attorney's fees "even [though] the underlying case is moot." *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The question of whether Friends is entitled to attorney's fees is governed by California's "private attorney general doctrine." Cal. Civ. Proc. Code. § 1021.5; *see Felder v. Casey*, 487 U.S. 131, 151 (1988); *Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). The City "may be held liable for attorney fees only if [it] was an 'opposing party' in the litigation." *Nestande v. Watson*, 111 Cal. App. 4th 232, 242 (2003). Here, the City and Friends shared the same goal of protecting the seals during the pupping season. The City passed resolutions calling for a rope barrier to protect the seals, defended those resolutions in state court. Throughout the litigation, the City did not take any position that was adverse to Friends, and did not oppose any of the motions Friends filed. The district court correctly concluded that the City was not an "opposing party" within the meaning of California Code of Civil Procedure section 1021.5, and did not abuse its discretion by denying Friends' motion for attorney's fees and costs. *See Nestande*, 111 Cal. App. 4th at 242.

**AFFIRMED**

2